IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00078-MSK-MJW

WINN ROBIN WATERS,

Plaintiff,

v.

SWEDISH MEDICAL CENTER,

Defendant.

---

**RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE
DEFINITE STATEMENT (Docket No. 13)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 11) issued by Judge Marcia S. Krieger on March 7, 2012.

**PLAINTIFF'S ALLEGATIONS**

Plaintiff Winn Waters' Title VII Complaint was filed on January 12, 2012 (Docket No. 1). On January 30, 2012, Magistrate Judge Boyd N. Boland entered an Order Directing Plaintiff to Cure Deficiency (Docket No. 4). Specifically, plaintiff's pleading was missing pages three through five and plaintiff did not include a copy of the charge of discrimination with her Equal Employment Opportunity Commission ("EEOC") documents. In response to the order, plaintiff filed an Amended Complaint on February 10, 2012 (Docket No. 5).

The following facts are based on plaintiff's Complaint (Docket No. 1), a letter

included with the Complaint (Docket No. 3), the Amended Complaint (Docket No. 5), and the Charge of Discrimination (Docket No. 13, Ex. A). Plaintiff began employment with defendant Swedish Medical Center in August 2007. In November 2009, plaintiff contracted a bacterial infection at work and went on sick leave for three weeks. Upon returning to work, plaintiff was subjected to harassment after she expressed concerns as to the source of her infection. On September 2, 2010, plaintiff reported to Human Resources that her supervisor had become volatile and aggressive. Plaintiff again complained about harassment on September 7, 2010, however nothing was resolved. On September 16, 2010, plaintiff was put on a "Corrective Action Plan." Plaintiff then took a medical leave of absence because "the constant harassment exacerbated [her] anxiety." On February 8, 2011, plaintiff filed a Charge of Discrimination with the EEOC in which plaintiff alleged discrimination based on retaliation and disability. Plaintiff was discharged by defendant at some point after filing her charge and her position was outsourced to another hospital.

Plaintiff's Amended Complaint (Docket No. 5) includes two claims, identified as second and third claims for relief. There does not appear to be a first claim for relief. Plaintiff's second claim requests financial compensation from defendant for the two medical leaves plaintiff took in November 2009 and September 2010. Plaintiff's third claim requests financial compensation for "non-professional tasks" plaintiff performed for sixteen hours per week. This work is in addition to the thirty-two hours per week plaintiff performed her duties as a medical librarian. Plaintiff's request for relief in her Amended Complaint states that she requests "financial compensation for outsourcing my job, eliminating my position, and ending my career as a medical librarian in

Colorado."

**PENDING MOTION**

Now before the court for a report and recommendation is Defendant's Motion to Dismiss, or in the Alternative, for a More Definite Statement (Docket No. 13). Plaintiff did not file a timely response to defendant's motion. On June 1, 2012, the court entered a minute order (Docket No. 22) informing plaintiff she was entitled to file a response and giving her until June 22, 2012 to do so. On June 11, 2012, plaintiff filed a response to defendant's motion (Docket No. 23).

The court has carefully considered the Complaint (Docket No. 1), the Amended Complaint (Docket No. 5), defendant's motion (Docket No. 13), and plaintiff's response (Docket No. 23). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Defendant argues plaintiff's claims should be dismissed pursuant to Rule 12(b)(1) for failure to exhaust administrative remedies and because the claims are not timely. In addition, defendant argues plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. See Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss pursuant to Rule 12(b)(1) take two forms. First, a party may attack the facial sufficiency of the complaint, in which case

the court must accept the allegations of the complaint as true. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. See id. at 1003. A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56. See id.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)

5

(quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Plaintiff is proceeding *pro se*. The court, therefore, reviews her pleadings and other papers liberally and holds them to a less stringent standard than those drafted by

6

attorneys.  Trackwell v. U.S. Gov't, 472 F.3d 1242, 1243 (10th Cir. 2007).  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers).  However, a *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged.  See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983); Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

**FAILURE TO EXHAUST**

Exhaustion of administrative remedies is a jurisdiction prerequisite to a private right of action under Title VII.  See McDonald-Cuba v. Santa Fe Protective Servs., Inc., 644 F.3d 1096, 1101 (10th Cir. 2011).  Because it is a bar to subject matter jurisdiction, the burden is on the plaintiff to show exhaustion of administrative remedies.  United States v. Hillcrest Health Ctr., Inc., 264 F.3d 1271, 1278 (10th Cir. 2001).  Exhaustion of administrative remedies in employment discrimination claims requires a plaintiff to have previously filed an administrative charge with the EEOC.  See Woodman v. Runyon, 132 F.3d 1330, 1341 (10th Cir. 1997).

"A plaintiff's claim in federal court is generally limited by the scope of the

administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." MacKenzie v. City & Cnty. of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005). "[T]he charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim." Jones, 502 F.3d at 1186.

Plaintiff's charge states that the claimed discrimination is based on retaliation and mental disability. Further, the charge indicates that the date of the most recent discrimination was September 2, 2010. The text of the charge clearly indicates that plaintiff was still employed with defendant when the charge was filed.

Accordingly, plaintiff's charge cannot, and does not, contain the basis of any claims based on plaintiff's discharge because plaintiff's discharge had yet to occur at the time the charge was filed. See Jones, 502 F.3d at 1186 ("[A]ny adverse employment actions occurring after [the plaintiff] submitted his administrative charge . . . would not fall within the scope of the charge."). As such, the court finds that plaintiff has failed to exhaust administrative remedies as to any discharge claims. Plaintiff's claims, insofar as they involve her discharge, must be dismissed for lack of subject matter jurisdiction.

**TIMELINESS OF PLAINTIFF'S CLAIMS**

Private employment discrimination claims must be brought within ninety days of actual receipt of the right-to-sue notice from the EEOC. See 42 U.S.C. § 2000e-5(f)(1) (providing filing deadline for Title VII claims); 42 U.S.C. § 12117(a) (specifically adopting Title VII filing deadlines for ADA claims); see also Rodriguez v. Wet Ink, LLC, 603 F.3d 810, 812 (10th Cir. 2010); Jackson v. Cont'l Cargo-Denver, 183 F.3d 1186, 1189 (10th Cir. 1999) (stating that the limitations period begins upon actual receipt of the right-to-

8

sue letter). "The requirement that a plaintiff file a timely civil action after the disposition of an individual EEO complaint is not a jurisdictional requirement, but rather is subject to . . . equitable tolling." Harms v. I.R.S., 321 F.3d 1001, 1006 (10th Cir. 2003). The "time limit will be tolled *only* if there has been active deception of the claimant regrading procedural requirements." Jarrett v. US Sprint Commc'ns Co., 22 F.3d 256, 260 (10th Cir. 1994).

Here, plaintiff admits that she received the right-to-sue letter on October 12, 2011 (Compl. at 3). Plaintiff was therefore required to initiate this suit on or before January 10, 2012. Plaintiff's Complaint was not filed until two days later on January 12, 2012. Accordingly, plaintiff's complaint was untimely. While plaintiff's status as a *pro se* litigant entitles her to a liberal construction of her pleadings, plaintiff is still required to follow the same rules of procedure that govern other litigants. See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

Moreover, there is no indication of active deception regarding procedural requirements. Plaintiff's response to defendant's motion does not point to any active deception. The right-to-sue letter (Compl. at 5) states that the "lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**." Thus plaintiff was clearly informed of the limitation period by the EEOC. In addition, the limitation period is, on its face, based on counting ninety days from receipt of the right-to-sue letter, not three calendar months. See, e.g., Smith v. Sebeluis, No. 10 Civ. 6356(JSR)(DF), 2011 WL 7427733, at *6 (Dec. 28, 2011 S.D.N.Y.). Any possible misunderstanding on plaintiff's part as to how the limitations period is calculated does not constitute active deception, and is

therefore not grounds for equitable tolling. See Montoya v. Chao, 296 F.3d 952, 958 (10th Cir. 2002) (stating that equitable tolling does not apply to "garden variety" claims of excusable neglect such as unintentional misdirection or a misunderstanding of the law). Accordingly, equitable tolling of the ninety day limitations period is not warranted, and any claims based on retaliation or mental disability must be dismissed as untimely.

A liberal reading of plaintiff's pleadings indicates that the only basis for any claims, other than mental disability and retaliation, is plaintiff's discharge. As explained above, the court does not have jurisidiction over any claims based on discharge because of plaintiff's failure to exhaust. Accordingly, plaintiff's complaint must be dismissed in its entirety.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant's Motion to Dismiss, or in the Alternative, for a More Definite Statement (Docket No. 13) be **GRANTED**, and plaintiff's complaint be dismissed in its entirety.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

10

**(1985), and also waives appellate review of both factual and legal questions.**

**Makin v. Colo. Dep't of Corr.**, 183 F.3d 1205, 1210 (10th Cir. 1999); **Talley v. Hesse**, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Date:  June 13, 2012                        s/ Michael J. Watanabe
       Denver, Colorado                     Michael J. Watanabe
                                           United States Magistrate Judge